**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHELE JAN WILLIAMS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 3:15-CV-1110-BF** |
| | § | |
| **CAROLYN W. COLVIN,** | § | |
| **Acting Commissioner of the Social** | § | |
| **Security Administration,** | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Michele Jan Williams ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her claims for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act pursuant to 42 U.S.C. § 405(g). Tr. 11, ECF No. 15-3. For the following reasons, the final decision of the Commissioner is REVERSED and REMANDED for proceedings consistent with this Memorandum Opinion and Order.

**BACKGROUND**

Plaintiff alleges that she is disabled due to a variety of ailments including, depression, obesity, arthritis, chronic compression fracture in the lumbar spine, diabetes, and hypertension. Pl.'s Br. 4-5, ECF No. 23. After Plaintiff's applications were denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). *See* Tr. 82, ECF No. 15-3. Plaintiff was born on March 25, 1955, and was 58 years old at the time of her hearing before ALJ Daniel Curran. Tr. 83, ECF No. 15-3. Plaintiff graduated from high school and attended college for approximately two years. Tr. 84, ECF No. 15-3. Plaintiff has past work experience as a caregiver, nurse's assistant, private duty nurse, customer service representative for Bank of America, and a cell

phone repair clerk. Pl.'s Br. 4, ECF No. 23; Tr. 84, ECF No. 15-3. Plaintiff has not engaged in substantial gainful activity since October 1, 2011. Tr. 11, ECF No. 15-3.

On February 13, 2014, the ALJ issued his decision finding that Plaintiff has not been under a disability from October 1, 2011 through the date of his decision. Tr. 19, ECF No. 15-3. The ALJ determined that Plaintiff suffered from the following severe impairments: bilateral hip and lumbar spine arthritis, chronic compression fracture in the lumbar spine, diabetes, hypertension, and obesity. Tr. 13, ECF No. 15-3. The ALJ concluded that Plaintiff does not have an impairment or a combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). Tr. 14, ECF No. 15-3. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). Tr. 17, ECF No. 15-3. The ALJ determined that Plaintiff was capable of performing her past relevant work as a customer service representative, cell phone repair person, mail room clerk, and senior operations specialist, because this work does not require the performance of work-related activities precluded by Plaintiff's RFC. Tr. 18, ECF No. 15-3. Plaintiff appealed that decision to the Appeals Council. Tr. 1, ECF No. 15-3. On October 24, 2014, the Appeals Council denied Plaintiff's request for review. Tr. 1, ECF No. 15-3. Plaintiff subsequently filed this action in the Northern District of Texas on April 12, 2015. Compl., ECF No. 1.

## **LEGAL STANDARDS**

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the

inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Id.* (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)). Further, "[t]he ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in his articulation compromises no aspect of fairness or accuracy that this process is designed to ensure.").

## ANALYSIS

Among other arguments, Plaintiff argues that the ALJ's finding of no postural limitations conflicts with his explanation for the weight he gave to the medical opinion of the state agency physician, Dr. George Carrion. Pl.'s Br. 17, ECF No. 23; Tr. 18, ECF No. 15-3. Plaintiff points out that while two state agency medical consultants, Dr. George Carrion and Dr. Leigh McCary both opined that Plaintiff was restricted in her ability to climb, stoop, kneel, crouch, and crawl, the ALJ stated that he rejected Dr. Carrion's opinion, because it understated Plaintiff's limitations. Pl.'s Br. 17, ECF No. 23; Tr. 18, ECF No. 15-3. Plaintiff contends that such limitations led the ALJ to limit her to "sedentary work" instead of "light work," as Dr. Carrion recommended. Pl.'s Br. 18, ECF No. 23. Plaintiff argues that the ALJ's stated reasoning implies that Dr. Carrion understated Plaintiff's difficulties in performing key postural movements, such as bending, stooping, kneeling, crouching, and stair-climbing, because difficulties in performing those functions are likely to be aggravated by Plaintiff's obesity. Pl.'s Br. 18, ECF No. 23. However, Plaintiff argues that the ALJ oddly assessed no postural limitation, rather than assessing more restrictive postural limitations than Dr. Carrion. Pl.'s Br. 18, ECF No. 23. Plaintiff argues that there is an apparent conflict between the ALJ's RFC finding, which is less protective of Plaintiff than Dr. Carrion says is medically necessary, and the ALJ's subsequent conclusion that Dr. Carrion understated her limitations. Pl.'s Br. 18, ECF No. 23. Plaintiff argues that such a "facial ambiguity requires remand for clarification, because it precludes [a] meaningful review of the RFC finding[.]" Pl.'s Br. 18, ECF No. 23.

The Commissioner argues in her response that, while Plaintiff argues that the ALJ erred in finding no postural limitations because the finding conflicted with his explanation for the weight he gave to Dr. Carrion's assessment, this argument is without merit because postural activities are not

usually required in sedentary work. Def.'s Br. 17, ECF No. 24. Furthermore, the Commissioner contends that Plaintiff neglects to point out that, even if the ALJ found greater limitations, the ALJ and the state agency arrived at the same conclusion that Plaintiff could return to her past relevant work as a customer service representative. Def.'s Br. 17, ECF No. 24. The Commissioner further argues that, although state agency physicians are experts in Social Security disability evaluations, and the ALJ must consider their opinions, the ALJ is not bound by their findings, because the ALJ, not the state agency physicians, is responsible for determining Plaintiff's RFC. Def.'s Br. 17-18, ECF No. 24.

Plaintiff argues in her reply that numerous cases hold that facial ambiguities that cast doubt on the meaning of the RFC finding warrant remand for clarification, because courts are not permitted to rewrite or improve upon the administrative decisions that they have been asked to review. Reply 10, ECF No. 27. Plaintiff further argues that while SSR 96-9p does state that several postural activities are not typically required in sedentary work, it also makes clear that this is not true of stooping, and that in a case where the sedentary claimant has the "complete inability to stoop," a "finding that the individual is disabled would usually apply." Reply 10-11, ECF No. 27 (citing SSR 96-9p, 1996 WL 374185, at *8). Furthermore, Plaintiff contends that for claimants such as Plaintiff who are limited to "less than occasional stooping," the ALJ should have consulted a vocational expert prior to assessing her employability. Reply 11, ECF No. 27 (citing SSR 96-9p, 1996 WL 374185, at *8).

Upon consideration, the Court finds that the final decision of the Commissioner is not supported by substantial evidence. As argued by Plaintiff, there is an internal inconsistency between the ALJ's RFC finding, which is less protective of Plaintiff than Dr. Carrion's opinion, and the

6

ALJ's rejection of Dr. Carrion's opinion on the ground that it understated Plaintiff's limitations. *See* Pl.'s Br. 18, ECF No. 23; Tr. 18, ECF No. 15-3. This ambiguity warrants remand for clarification, because it precludes the Court from conducting a meaningful review. *See Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196-97 (1947) ("It will not do for a court to be compelled to guess at the theory underlying the agency's action; nor can a court be expected to chisel that which must be precise from what the agency has left vague and indecisive. In other words, we must know what a decision means before the duty becomes ours to say whether it is right or wrong." (internal quotation marks and citation omitted)); *Scott v. Shalala*, 30 F.3d 33, 35 (5th Cir. 1994) ("We cannot conclude, however, that the ALJ properly considered the vocational expert's testimony given only the ALJ's vague and confusing reference to that testimony in his findings. Accordingly, we reverse and remand for proper consideration of the vocational expert's testimony." (citing *Securities & Exch. Comm'n v. Chenery Corp.*, 318 U.S. 80, 87 (1943))).[1]

## CONCLUSION

For the reasons stated above, the final decision of the Commissioner is REVERSED and REMANDED for proceedings consistent with this opinion.

SO ORDERED, this 13th day of September, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

1. Because the Court finds that this case should be remanded based on Plaintiff's ambiguity argument, the Court pretermits consideration of Plaintiff's remaining grounds for reversal.